IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 24-cr-00003-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LYNDRETH HEMP WALL,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND REOVKE MR. WALL'S RELEASE PURSUANT TO TITLE 18 U.S.C. SECTION 3142 [ECF 42]**

---

The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney, and R. Josh Player and Jeffrey K. Graves, Assistant United States Attorneys, responds as follows to Defendant's motion.

## Procedural History

The indictment in this matter was returned on January 3, 2024. [ECF #1]. The Defendant was arrested on January 10, 2024. [ECF #10]. The Defendant made his initial appearance on January 12, 2024, where the Government moved for detention under 18 U.S.C. § 3142(f)(1) and 3142(e)(3)(E). [ECF #12]. After the indictment was made public, the Government received at least three other reports from women alleging similar sexual abuse by Defendant in Colorado.

Prior to the detention hearing, Defendant was made aware of additional allegations of similar sexual abuse of other women by Defendant. *See* Government's

Response to Defendant's Request for Pretrial Release [ECF20]; Transcript of Arraignment, Discovery, and Detention Hearing, page 6, lines 17-20; page 13, lines 13-19 [ECF 36].

A detention hearing was held on January 19, 2024, Probation filed its report recommending detention, in part because of Probation's belief that GPS monitoring is essential based on the nature of the charges; and that GPS would not be available at the only proposed residence for Defendant. At the detention hearing, the Government argued for detention. [ECF 36] Defendant argued for release. *Id.* The Court ordered the Defendant released with conditions including placement in a halfway house. The halfway house is in Denver, Colorado.

After Defendant's release in this matter, he was charged with additional sex offenses by a separate sovereign, the State of Colorado. One case is lodged in Denver County, case 2024CR000930, which has a $50,000 cash only bond. The other case is Douglas County case 2024CR000231 in which a $250,000 cash bail or surety bond has been ordered. Defendant was arrested on the warrant issued in Denver County case 2024CR000930 on February 12, 2024, and has remained in custody on that warrant. Defendant is awaiting trial in both cases in the Colorado Courts.

I. **The Remedy is to Seek a Writ**

Defendant was aware that there were active investigations into allegations of sexual abuse against other women by him. It was completely foreseeable that such investigations could result in additional charges and potential pretrial incarceration. Those possibilities arise when a person is subject to the jurisdiction of more than one

sovereign court. Nevertheless, Defendant objected to the Government's motion for detention and sought pretrial release. The Court, performing the analysis under Title 18 U.S.C. § 3142, found that there were conditions that could reasonably assure Defendant's appearance at court and the safety of any other person and the community. [ECF 25]

After Defendant was released, the two referenced separate cases were filed against him in the state courts of Colorado. Those courts, pursuant to their own procedures and analyses, determined that a certain bail would have to be satisfied before Defendant would be released prior to trial on those cases respectively. The orders of the separate sovereign courts of Colorado in separate cases should not be a basis to reopen a detention hearing in this case. To reopen a detention hearing in one case to alter or supersede upon a separate sovereign court's order regarding Defendant's primary custodial status runs afoul of the rule of comity. *See generally Ponzi v. Fessenden*, 258 U.S. 254 (1922).

The exercise of jurisdiction over a Defendant between independent sovereign courts is managed by the process of securing appropriate writs. *See* Title 28 U.S.C. § 2241. Defendant's appearance in federal court can be secured by a Writ of Habeus Corpus ad Prosequendum filed by either party for necessary court hearings and trial. Title 28 U.S.C. § 2241(c)(5).

Defendant's remedy in this situation is to seek a Writ of Habeus Corpus ad Prosequendum when needed to secure Defendant's attendance for hearings and trial.

Such a process recognizes the authority of independent sovereign courts and operates within the procedures developed in the law to deal with this situation.[1]

## II. "Material Bearing" Cannot be Shown

As explained above, reopening the detention hearing pursuant to Title 18 U.S.C. § 3142(f)(2)(B) is not the correct procedure to seek a change to the existing order of pretrial release in the federal case under these circumstances. However, even under Title 18 U.S.C. § 3142(f)(2)(B), Defendant cannot meet the required standard. The Government acknowledges that Title 18 U.S.C. § 3142(f)(2)(B) provides the following:

> . . . .if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

However, the question under this approach is whether the filing of the additional cases and Defendant's custodial status in those cases has a "material bearing" on the pretrial conditions previously ordered to assure that Defendant will appear as required and the safety of any other person and the community. It is only when a federal court finds that there are no conditions that can assure a defendant's appearance when required or the safety of any other person and the community that pretrial release is denied. Title 18 U.S.C. § 3142(f)(1).

---

[1] The Western Slope Protocol has appropriately been applied in this matter. This case is assigned to Judge Gordon P. Gallagher, the District Court Judge over Western Slope cases. The Defendant is in Denver, at his request, because that is the location where the conditions of his pretrial release could be met. Transcript of Arraignment, Discovery, and Detention Hearing, page 43, line 6 to page 44, line 7.

4

Although an unusual circumstance, the fact that Defendant is incarcerated on separate state charges does not have a material bearing on the likelihood of Defendant's appearance when required. In fact, Defendant's incarceration increases the assurance that Defendant will appear in Court as his location will be known and can be secured by a Writ of Habeus Corpus ad Prosequendum.

Similarly, the incarceration of Defendant pursuant to charges brought by the State of Colorado does not have a material bearing on the safety of any other person or the community. Pretrial Incarceration is imposed when it is necessary to assure the safety of any other person and the community. This necessity is met by Defendant's incarceration in the state of Colorado case out of Denver.

## CONCLUSION

The Government's position is still that Defendant should be detained in this matter. However, based upon the procedural structure of this case and the pending state of Colorado cases, his appearance in federal court is appropriately secured by the issuance of a Writ of Habeus Corpus ad Prosequendum when necessary for hearings and trial.

Respectfully submitted this 16th day of October 2024.

> MATTHEW T. KIRSCH
> ACTING UNITED STATES ATTORNEY
>
> By: *s/ R. Josh Player*
> R. Josh Player
> Assistant United States Attorney
> 835 East 2nd Avenue, Suite 410
> Durango, Colorado 81301
> Email: riley.player@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record, Laura Hayes Suelau:

Laura_suelau@fd.org
Jared_westbroek@fd.org

By: *s/ Amy Connor*
Amy Connor
Paralegal Specialist
835 East 2nd Avenue, Suite 410
Durango, Colorado 81301
Telephone: (970) 247-1514
Email: amy.connor@usdoj.gov