IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cr-00003-GPG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LYNDRETH HEMP WALL,

        Defendant.

## JOINT BRIEF RE: PRETRIAL ORDERS, DECISIONS, PENDING MOTIONS, AND STIPULATIONS [ECF 218]

The United States of America, by Peter McNeilly, United States Attorney, and Jeffrey K. Graves and R. Josh Player, Assistant United States Attorneys, and Defendant, Lyndreth Wall, by Laura H. Suelau and Summer Woods, Federal Assistant Public Defenders, hereby jointly submit this Joint Brief Re: Pretrial Orders, Decisions, Pending Motions, and Stipulations pursuant to the Courtroom Minutes found at ECF # 218.

**Rulings Regarding Voir Dire**

    i.    There will be two alternate jurors for trial. The first alternate will be in seat 14 and the second alternate will be in seat 10. [Trans. April 4, 2025 Hearing].

    ii.    The Government and Mr. Wall are each afforded 50 minutes for voir dire.

    iii.    The Government and Mr. Wall are each allowed approximately 2 minutes per side for each individual replaced by way of cause challenge once such attorney voir dire has begun, e.g., those individuals replaced for cause during the Court's questioning will not afford additional time to Counsel. [ECF #109].

    iv.    Mr. Wall raised the following objections to the Government's proposed voir dire questions at Docket 95:

        a.    Question 7: Is there anyone who does not believe that sexual assaults may be hard for victims to report to the police?

      i. The Court granted Mr. Wall's objection to this question in part and ordered the Government to rephrase it to, "Is there anyone who thinks it might be hard for victims to report sexual assaults to the police?" [April 4, 2025 Hearing].

          1. The Government submitted an amended voir dire reflecting this change. [ECF #233].

  b. Question 10: Has anyone here been picked on by a bully or a teacher?
      i. The Court denied this objection. [Trans. April 4, 2025 Hearing].

  c. Question 12: Is there anyone here that does not think it is harder to share accounts or private or embarrassing incidents?
      i. The Court granted Mr. Wall's objection to this question in part and ordered the Government to rephrase the question to, "Does anyone think it might be hard to share accounts of private or embarrassing incidents?" [April 4, 2025 Hearing].

          1. The Government submitted an amended voir dire reflecting this change. [ECF #233].

  d. Question 15: Does anyone here think the issues related to sexual assaults and the prosecution of sexual assaults have been blown out of proportion?

          1. **PENDING:** The Court granted the objection in part, but took the final phrasing under advisement. The Court advised it would propose its own language for the question, but has not done so yet as of this filing. [Trans. April 4, 2025 Hearing].

v. The Government raised the following objections to Mr. Wall's proposed voir dire questions at Dockets 99 and 157:

  a. Questions 1 and 2: The Court and the Government raised issues with the use of the word "mental incapacity."

          **1. PENDING:** The Court has not yet ruled on the definition of "incapable of appraising," which includes whether or not the term is limited to "mental incapacity." [Trans. April 4, 2025 Hearing].

## Other Trial Matters

i. Both the Government and Mr. Wall shall have 60 minutes for opening statements. [ECF #192].

ii. The oral omnibus motion requesting that the Government be limited to current theory and pleadings is DENIED without prejudice. [ECF #192].

    iii.    The Court will allow pre-approved individuals to electronically observe the trial, such as Mr. Wall's counsel in his state cases. The parties will provide a list of those individuals to Court staff a week prior to the beginning of trial. [Trans. April 4, 2025 Hearing].

**Preliminary Jury Instructions**

    i.    The objection to page 9 of the preliminary jury instructions and proposed modification is GRANTED and the word "admitted" will be added. [ECF #192].

    ii.    The objection and request for a longer admonishment to be provided is GRANTED. The Court will read its standard lengthier admonishment in the morning before the first break in trial. [ECF #192].

    iii.    The proposed modifications to the Tenth Circuit pattern instructions are DENIED pertaining to "clean slate or firmly convinced language." [ECF #192].

    iv.    The objection to removing sexual definitions is GRANTED IN PART AND DENIED IN PART. The objection is denied as the sexual definitions are to remain in the instructions but granted as the parties are to confer and remove any definitions that are not going to be involved in this case. [ECF #192]. The parties have conferred and submitted modified instructions.

    v.    The objection to independent knowledge language is DENIED WITHOUT PREJUDICE.

**Jury Instructions**

Mr. Wall's most recent jury instructions are at Docket 215 and the Government's most recent jury instructions are at Docket 209. Mr. Wall's instructions highlight which jury instructions are unopposed and which instructions have not been resolved. The Court has not issued any further rulings on jury instructions. The contested jury instructions are as follows:

    i.    The Government objects to Mr. Wall's proposed Presumption of Innocence - Burden of Proof - Reasonable Doubt instruction.

    ii.    The inclusion of a "Direct and Circumstantial" instruction. The Government requests and Mr. Wall opposes.

    iii.    Mr. Wall's "Credibility of Witnesses" instruction that modifies the Tenth Circuit Pattern instruction. Mr. Wall requests and the Government opposes.

    iv.    Mr. Wall's "Non-Testifying Defendant" instruction. Mr. Wall requests and the Government opposes as repetitive.

    v.        Mr. Wall's "Impeachment by Prior Inconsistencies" instruction. Mr. Wall requests and the Government opposes as incomplete or inapplicable depending upon circumstances.

    vi.       Mr. Wall's "Witness's Use of Addictive Drugs" instruction. Mr. Wall requests and the Government opposes.

    vii.      Government's "Deliberate Ignorance" language in the "Knowingly" instruction. The Government requests and Mr. Wall objects, arguing lack of evidence to support the instruction.

    viii.     "Sexual Abuse Definitions" instruction. The Government opposes the separate and abbreviated "knowingly" definition imbedded in the instruction.

    ix.      "Sexual Abuse in Indian Country" element instructions, 18 U.S.C. § 2242 and 1153. The parties have submitted competing instructions.

    x.       "Sexual Contact Definitions" instruction. The Government opposes the separate and abbreviated "knowingly" definition imbedded in the instruction.

    xi.      "Abusive Sexual Contact in Indian Country" elements instructions, 18 U.S.C. § 2244 and 1153. The parties have submitted competing instructions.

    xii.     Mr. Wall's "Evidence Admitted Under Rule 413" instruction. Mr. Wall requests and the Government opposes.

    xiii.    Government's "Misrepresentation" instruction. The Government requests and Mr. Wall opposes.

In addition to pending issues with specific instructions, there are several areas regarding substantive legal matters in this case that have been litigated by both parties.

    i.        The term "knowingly" will be applied to require the Government prove beyond a reasonable doubt that a victim was "incapable of appraising the nature of the conduct" under 18 U.S.C. § 2242(2)(A) or know that they were acting "without that other person's permission" under 18 U.S.C. § 2244(b) by concession of the Government. [ECF #193].

    ii.       **PENDING:** The Court has not issued a final order on the definition of "incapable of appraising," which has been briefed by the parties.

    iii.      **PENDING:** The Court has not issued a final order on the definition of "permission," which has been briefed by the parties.

**Evidentiary Issues**

*413 Ruling*

    i.    Only the following Rule 413 acts are deemed admissible in this matter:

        a.  The Rule 413 act involving J.T.
        b.  Both Rule 413 acts involving S.S.

    ii.   Mr. Wall filed a motion to reconsider the Court's ruling, which was denied in its entirety. [ECF #232].

**Experts**

*Joseph Wilson*
    i.    Joseph Wilson is not qualified to testify as an expert regarding spiritual healing practices. [ECF # 186].

*Edward Box*
    i.    The Court made the following rulings regarding Edward Box's testimony as an expert:

        a.  Regarding Ute spiritual healing practices such as how traditional healing is performed and how spiritual healers are viewed in the community. Box's opinions are sufficiently grounded on his extensive experience. By establishing that traditional healers are given great respect within the community makes it more likely that they will be viewed by others as authorities whose methods are not subject to dispute. Likewise, that certain practices are not generally found in the tradition, such as touching of genitals or intercourse, makes it more likely that departures from that norm serve some ends other than healing, such as sexual gratification. [ECF # 186].

        b.  Testimony about general principles or what "most" of a group know or do are not barred. Box's proffered opinions are of this sort, and do not contain any opinions about Defendant specifically. To the extent Box offers opinions that purport to discuss the beliefs of all practitioners including Wall, those opinions may be objectionable, and such objections can be raised at trial. [ECF # 186].

        c.  **PENDING:** The Court reserves ruling on the relevance of two of Box's proffered opinions: those related to (1) whether touching is necessary for healing and (2) payment. The potential relevance of these opinions is not apparent. [ECF #'s 186 and 187].

        d.  Mr. Wall's made an objection to Mr. Box's testimony under the Confrontation Clause, but the Court held that objection is not ripe. He states that he "hereby asserts his Sixth Amendment right and objects to statements at trial that involve no expertise at all but simply parrots testimonial hearsay in violation of his Confrontation Clause rights" (D. 166 at 14). It is not clear that the Government intends to solicit any such testimony, particularly for the truth of a matter asserted. Although Box's expertise is predicated in past experience and specialized knowledge gained through conversations with

others, the proffer does not appear to depend on the truth of any testimonial statement. This applies even to proffered opinions about the beliefs of others, for example, those regarding beliefs in "skin walkers." The Government can show others believe in "skin walkers" without relying on the truth of any testimonial statement. Nonetheless, the Court's denial of Mr. Wall's request is without prejudice to him objecting at trial in an appropriate circumstance. [ECF #'s 186].

*Sarah Deer*

i. Professor Sarah Deer is qualified to testify as an expert. Her background includes early experience working with victims and significant experience studying and writing about the topic of sexual assault, particularly in Native American communities. [ECF #'s 186 and 187].

ii. Professor Deer's proffered testimony generally does not focus on the psychological or neurological basis of victim response in sexual assault cases. Rather, it relates to cultural stereotypes and information about sexual assault victim responses. [ECF #'s 186 and 187].

iii. Professor Deer is not qualified to offer opinions on the "psychological response" or psychological mechanisms underlying victim behavior. Professor Deer is not qualified to offer opinions on the "physical response" of victims but may testify that such victim behavior is known to occur. Professor Deer is not qualified to offer opinions on the workings of memory. The record does not support her having the requisite specialized knowledge related to these subjects to testify as an expert and those opinions are excluded. [ECF #'s 186 and 187].

*Deborah Davis*

i. Dr. Deborah Davis is qualified to testify as noticed. The Government may raise objections to the scope of Davis's testimony if circumstances change. [ECF #'s 186 and 187].

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Laura H. Suelau
LAURA H. SUELAU
s/ Summer Woods
SUMMER WOODS
Assistant Federal Public Defenders
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
summer_woods@fd.org
Attorneys for Defendant

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025, I electronically filed the foregoing *Joint Brief Re: Pretrial Orders, Decisions, Pending Motions, and Stipulations [ECF #218]* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Riley Josh Player, Assistant United States Attorney
Email: riley.player@usdoj.gov

Jeffrey K. Graves, Assistant United States Attorney
Email: jeffrey.graves@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Lyndreth Hemp Wall   (via U.S. Mail)

                                       s/Laura H. Suelau
                                       LAURA H. SUELAU
                                       Assistant Federal Public Defender
                                       633 17th Street, Suite 1000
                                       Denver, CO  80202
                                       Telephone: (303) 294-7002
                                       FAX: (303) 294-1192
                                       laura_suelau@fd.org
                                       Attorney for Defendant